**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **EP-12-CR-1406-KC** |
| | § | |
| **RAMON GARIBALDE-BARRON** | § | |

**ORDER**

On this day, the Court considered Defendant Ramon Garibalde-Barron's ("Garibalde-Barron")

Motion to Dismiss Indictment for Insufficiency or in the Alternative for a Bill of Particulars ("Motion"),

ECF No. 197.  For the reasons set forth herein, the Motion is **GRANTED** in part and **DENIED** in part.

## I.      BACKGROUND

On June 13, 2012, in the Western District of Texas, El Paso Division, a grand jury returned a six-

count indictment against Garibalde-Barron and other defendants in this case.  Indictment, ECF No. 26.

Garibalde-Barron is charged in Counts One, Two, and Four of the Indictment.  *See generally id.*  Count

One of the Indictment charges Garibalde-Barron with conspiracy to possess a controlled substance with

intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(vii).  *Id.* at 1-2.  With

regard to this count, the alleged conspiracy began on or about November 1, 2010, ended on or about June

30, 2011, and involved 1,000 kilograms or more of marijuana.  *Id.*  Count Two of the Indictment charges

Garibalde-Barron with possession of a controlled substance with intent to distribute in violation of 21

U.S.C. §§ 841(a)(1), and 841(b)(1)(A)(vii).  *Id.* at 2.  With regard to this count, Garibalde-Barron

allegedly possessed 1,000 kilograms or more of marijuana on or about February 7, 2011.  *Id.*  Count Four

of the Indictment again charges Garibalde-Barron with possession of a controlled substance with intent to

distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii).  *Id.* at 3.  With regard to this

count, Garibalde-Barron allegedly possessed 1,000 kilograms or more of marijuana on or about April 7,

1

2011.  *Id*.  The Indictment contains little other factual information about the crimes charged.  *See*

*generally id*.

## II.        DISCUSSION

In his Motion, Garibalde-Barron indicates that despite having reviewed all discovery materials, he

has learned of no other information about his alleged "participation in this conspiracy or any information

as to what specific acts [he] committed so as to be liable for [Counts Two and Four]."  Mot. ¶ 8.

However, Garibalde-Barron notes that through "informal conversations" with the government, he has

learned of the government's theory of criminal liability.  *Id*. ¶ 11.  The theory, according to Garibalde-

Barron, is that he "fabricated secret compartments to carry marijuana within trailers that were seized on

February 7, 2011 and April 7, 2011."  *Id*.

Because of the Indictment's dearth of factual details, Garibalde-Barron moves the Court to

dismiss the Indictment as insufficient, or in the alternative, grant a bill of particulars.  *See id*. ¶¶ 1-10, 11-

19.  Through the requested bill of particulars, Garibalde-Barron seeks a broad range of information

including his role in the conspiracy and biographical information about co-conspirators.  *See id*. ¶¶ 13-18

(listing requested information).  The government, in opposition, argues that the Indictment is sufficient

and that a bill of particulars is not warranted.  *See generally* Government's Resp. Def.'s Mot. Dismiss

Indictment Insufficiency Alternative Bill Particulars ("Response"), ECF No. 198.   The Court addresses

each issue in turn.

### A.        Sufficient Indictment

The Fifth Amendment to the United States Constitution provides, "[n]o person shall be held to

answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand

Jury."  U.S. Const. amend. V.  Further, the Sixth Amendment states, "[i]n all criminal prosecutions, the

accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."  *Id*. amend. VI.

According to Federal Rule of Criminal Procedure 7, "[t]he Indictment . . . must be a plain, concise, and

definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P.

7(c)(1).  Thus, Federal Rule of Criminal Procedure 7 "fulfills the Sixth Amendment right to be informed of the nature and cause of the accusation; it prevents a person from being subject to double jeopardy as required by the Fifth Amendment; and it serves the Fifth Amendment protection against prosecution for crimes based on evidence not presented to the grand jury."  *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999) (citing *United States v. Silverman*, 430 F.2d 106, 110 (2d Cir. 1971)) (internal quotation marks omitted).

In reviewing an indictment for sufficiency, the test is not "whether the indictment could have been better drafted, but whether it conforms to minimal constitutional standards."  *United States v. Gonzales*, 436 F.3d 560, 569 (5th Cir. 2006) (citing *United States v. Haas*, 583 F.2d 216, 219 (5th Cir. 1978)).  To be sufficient, the indictment must charge the essential elements of the offense, which would permit a defendant to prepare a defense and protect against double jeopardy.  *United States v. Chappell*, 6 F.3d 1095, 1099 (5th Cir. 1993) (citing *United States v. Barksdale-Contreras*, 972 F.2d 111(5th Cir. 1992)).  In addressing the matter, a court takes a practical rather than technical approach.  *Id.*  Moreover, an indictment "that closely tracks the language under which it is brought is [generally] sufficient to give a defendant notice of the crimes with which he is charged."  *United States v. Franco*, 632 F.3d 880, 884 (5th Cir. 2011).

Garibalde-Barron argues that the Indictment is insufficient because Counts One, Two, and Four "are not charged with sufficient particularity" to allow him to be informed of the nature of the accusations against him, prepare a defense, and preclude double jeopardy.  Mot. ¶¶ 5-7.  However, Garibalde-Barron concedes that the Counts do contain the essential elements of and legal citations to the offenses charged therein.  *Id.* ¶ 5.

The government argues that additional factual details need not be pleaded in the Indictment.  *See* Resp. 4.  The Indictment, according to the government, conforms to constitutional standards.  *See id.* at 3-4.

Here the Indictment is sufficient because Counts One, Two, and Four meet or exceed minimal constitutional standards. *See United States v. Gonzales*, 436 F.3d 560, 569 (5th Cir. 2006) (noting that the test for sufficiency is not whether an indictment could have been better drafted, but whether it conforms to constitutional standards).

Count One, the drug-conspiracy count, meets the requisite minimal constitutional standards because a drug-conspiracy indictment under § 846 "'is sufficient if it alleges a conspiracy to distribute (or import) drugs, the time during which the conspiracy was operative and the statute allegedly violated . . . .'" *See United States v. Hawkins*, 661 F.2d 436, 454 (5th Cir. 1981) (quoting *United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1978)).  An overt act in furtherance of the conspiracy is not required in a § 846 indictment. *Id*.  Count One meets these requirements: it alleges that Garibalde-Barron was involved in a conspiracy, that this conspiracy occurred from approximately November 1, 2010 until June 30, 2011, and that this conspiracy violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii).  Indictment 1-2.  Accordingly, Count One is sufficient.

Counts Two and Four, the counts of possession with intent to distribute, also meet the requisite minimal constitutional standards.  These Counts are sufficient because they include the essential elements of the offense. *See Chappell*, 6 F.3d at 1099.  Here, the Counts identify the dates of alleged possession: February 7, 2011 and April 7, 2011. *See* Indictment 2-3.  The Counts also allege the amount and type of possession: in excess of 1,000 kilograms of marijuana. *See id*.  Additionally, the Counts indicate the statutes allegedly violated: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii). *See id*.  This information is more than sufficient to support Counts Two and Four. *See, e.g.*, *United States v. Parker*, 5:09CR18DCBJCS, 2010 WL 148297, at *1 (S.D. Miss. Jan. 12, 2010) (finding a § 841 indictment detailing the alleged quantity of possession, the alleged type of drug, and the drug law allegedly violated to be sufficient); *see also Windless v. United States*, 2:05CR0024-WAP, 2008 WL 4450293, at *5 (N.D. Miss. Sept. 29, 2008) (holding that the "absence of a specific drug quantity does not render the indictment defective").  The similarity between the substance of Counts Two and Four and the requirements of 21

4

U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii) further indicates that these two Counts are sufficient.  *See* Franco, 632 F.3d at 884; *compare* Indictment 2-3, *with* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii) (2012). There is no reason to believe that the information in these Counts will not allow Garibalde-Barron to prepare a defense and protect against double jeopardy.  *See Chappell*, 6 F.3d at 1099.  In sum, Counts Two and Four are sufficient.

Accordingly, the Indictment is sufficient: Counts One, Two, and Four meet minimal constitutional standards.

### 2.    Bill of Particulars

A bill of particulars is a "formal, detailed statement of the claims or charges brought by . . . a prosecutor."  Black's Law Dictionary 177 (8th ed. 2004).  Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 10 days after arraignment *or at a later time if the court permits*." Fed. R. Crim. P. 7(f) (emphasis added).  Once the government provides a defendant with a bill of particulars, it is bound by the information in that bill and may not present materially different information at trial.  *See id*; 24 James Wm. Moore et al., Moore's Federal Practice § 607.07[1] (3d ed. 2008).

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution."  *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). Certain types of cases, such as those concerning "[o]ffenses using loose concepts," provide "a stronger case for a bill of particulars."  Wayne R. LaFave et al., Criminal Procedure § 19.4(d) (5th ed. 2009).  A court must consider a defendant's need for information while remaining mindful that the bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial."  *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

Garibalde-Barron argues that a bill of particulars is warranted because the lack of factual information in the Indictment and the results of discovery inhibit him from preparing for trial and protecting himself against double jeopardy. *See* Mot. ¶ 11. As a remedy, Garibalde-Barron seeks a bill of particulars containing a broad array of factual and evidentiary details. *See id*. ¶¶ 13-18. Specifically, Garibalde-Barron seeks information regarding "how, where or when and with whom [Garibalde-Barron] acted in concert . . . ," "[t]he method or means by which [Garibalde-Barron] participated in the offenses charged . . . ," and biographical information for all informants and potential government witnesses. *See id*.

The government responds that a bill of particulars is not warranted because, in its view, the Indictment provides sufficient information for Garibalde-Barron to prepare for trial and protect against double jeopardy. *See* Resp. 5-6. The government emphasizes that it has complied with all discovery procedures in this case and that a bill of particulars is not a substitute for the discovery process. *See id*. at 6. In the government's view, the Indictment strikes an equal balance between informing Garibalde-Barron of the charges against him and guarding the government's work product and legal theories. *See id*. at 4-6.

While it is usually true that the indictment and discovery provide sufficient notice for a defendant to prepare for trial and protect against double jeopardy, in this case they do not. *See United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989). Garibalde-Barron is alleged to have agreed to join the conspiracy at some time between November 2010 and June 2011. Indictment 1-2. A conspiracy cannot exist without such an agreement. *See United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir. 2001). The Indictment reveals nothing about Garibalde-Barron's agreement to join the conspiracy other than that it occurred during an eight-month span. *See* Indictment 1-2.

Discovery has also failed to reveal any information about Garibalde-Barron's involvement in the unlawful agreement. In this case, there are volumes of discoverable materials: 21,995 recorded telephone calls and 2,364 telephone call transcripts. Defs.' Joint Mot. Declare Case Complex 2, ECF No. 131; *see*

6

Order 1-2, ECF No. 155 (declaring this case complex). Garibalde-Barron has reviewed all of these materials and indicates that he has not been able to discover any information indicating his involvement in the conspiracy. *See* Mot. ¶ 11. The government does not contradict this assertion. *See generally* Resp.

In sum, the bare Indictment and copious discovery have revealed no connection between Garibalde-Barron and the conspiracy. As it stands, the charges against Garibalde-Barron are at best amorphous. Garibalde-Barron cannot adequately prepare for trial or protect against double jeopardy, not knowing when, how, or even with whom he agreed to join the conspiracy. For these reasons, a bill of particulars is warranted with respect to Count One. *See* Mackey, 551 F.2d at 970.

This bill of particulars must articulate the government's theory of the formation of the agreement to join the conspiracy. In doing so, the government will indicate when the agreement took place, with whom the agreement was made, and the nature of the agreement.[1] Because Garibalde-Barron does not indicate why his remaining requests for factual details, witnesses, and informants are necessary to prepare for trial or prevent double jeopardy, such requests are not appropriate. *See United States v. Little*, 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012) ("[T]he trial court should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial. The Defendant is obligated to demonstrate that he will be prejudiced if he does not receive the information sought.") (internal citation omitted) (citing *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979)); *Davis*, 582 F.2d at 951 ("[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars.").

Further, a bill of particulars is not warranted with respect to the possession with intent to distribute counts of the Indictment—that is, Counts Two and Four. As discussed above, these two Counts

---

[1] The government cites to *United States v. Cochran* for the proposition that it need not disclose when the agreement to enter the conspiracy occurred. *See* Mot. 7 (citing 697 F.2d 600, 604 (5th Cir. 1983)). However, this reliance is misplaced as *Cochran* discusses the sufficiency of an indictment, not the necessity of a bill of particulars. *See id*. Moreover, this ignores the United States Court of Appeals for the Fifth Circuit's guidance that the determination of whether a bill of particulars is needed is "seldom subject to precise line drawing." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978).

provide Garibalde-Barron with ample factual basis to prepare for trial and avoid double jeopardy.  These two Counts specify the exact date when the possession occurred.  *See* Indictment 2-3.  Using this information as a starting point, Garibalde-Barron should be able to uncover further factual information regarding these allegations through discovery.  A bill of particulars is not a substitute for discovery. *Barrentine*, 591 F.2d at 1077.  Therefore, a bill of particulars is not warranted with regards to Counts Two and Four.

## III.    CONCLUSION

For the reasons set forth above, Garibalde-Barron's Motion, ECF No. 197, is **GRANTED** in part and **DENIED** in part.  The Motion is granted only to extent that the government must submit a bill of particulars articulating the government's theory of the formation of the agreement to join the conspiracy. Additionally, the bill of particulars must articulate when the agreement took place, with whom the agreement was made, and the nature of the agreement.  The Court **ORDERS** the government to file this bill by February 15, 2013.

**SO ORDERED.**

SIGNED this 4th day of February, 2013.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE